FELTON v. HAMILTON COUNTY, TENN., et al.

(Circuit Court of Appeals, Sixth Circuit. November 13, 1899.)

No. 711.

1. TAXATION—POWER OF COUNTY COURTS IN TENNESSEE—SPECIAL TAXES.
   The power of county courts in Tennessee to levy taxes is derived solely from legislative enactments, and in case of special taxes must be clearly granted. Under the decisions of the state supreme court, any tax levied which is not authorized by some positive provision of law is ultra vires and void.

2. SAME—SPECIAL TAX FOR MAKING COUNTY EXHIBIT AT CENTENNIAL EXPOSITION.
   The Tennessee act of February 6, 1895, authorizing the county courts of the respective counties of the state to "make appropriations of money" to provide for an exhibit of their resources at the Tennessee Centennial Exposition, and to "prescribe ways and means, rules and regulations governing the expenditure of any money so appropriated," did not confer on such courts the power to levy a special tax to provide the money so appropriated.

Appeal from the Circuit Court of the United States for the Eastern District of Tennessee.

In 1896, Tennessee celebrated the one hundredth anniversary of its admission as a state into the federal Union by an exposition given at Nashville under the auspices of a corporation created by the state for that purpose. The plan contemplated, in addition to the general exposition of the industries of the state, that the various counties should make such exhibits of their resources as they should see fit. To this end the legislature, by an act passed February 6, 1895, provided: "That the county courts of the respective counties of Tennessee are hereby authorized and empowered to make appropriations of money to provide for an exhibit of their resources at the Tennessee Exposition to be held at the city of Nashville, state of Tennessee, in the year 1896, and to prescribe ways and means, rules and regulations governing the expenditure of any money so appropriated." Hamilton county, one of the counties of the state, availed itself of this power, and made an appropriation for the purpose of defraying the cost of a county exhibit. To raise a fund to meet this appropriation, a special tax of 5 cents upon each $100 of taxables was assessed. This special tax was resisted by the appellant, who is receiver of the Cincinnati, New Orleans & Texas Pacific Railway Company, a railroad being operated under the orders and decrees of the circuit court. In consequence of the refusal of the said receiver to pay this special tax, the county trustee, as collector of taxes, filed a petition in the case in which appellant had been ap-

pointed, and asked for an order directing same to be paid. The receiver answered, and denied the power of the county court to assess any special tax for Centennial Exposition purposes. The circuit court held the tax valid, and directed its payment. From this decree the receiver has taken this appeal.

A. P. Haggard and H. A. Chambers, for appellant.

Before LURTON and DAY, Circuit Judges, and THOMPSON, District Judge.

LURTON, Circuit Judge, having made the foregoing statement of facts, delivered the opinion of the court.

In Tennessee the power of the county courts to levy taxes is derived solely from legislative enactments, and any tax levied which is not authorized by some positive provision of law is ultra vires and void. Article 2, § 29, Const. Tenn.; McLean v. Tennessee, 8 Heisk. 22, 268; Winston v. Railroad Co., 1 Baxt. 60; Nashville & C. & St. L. R. Co. v. Franklin Co., 5 Lea, 707. By general legislative provision the counties of the state have power to levy a tax for general county purposes, not exceeding the aggregate tax levied by the state. In addition, the county courts have, from time to time, been authorized to levy certain special taxes. But by the act of 1895 (chapter 4, § 2, Acts Ex. Sess. 1895) it was provided that the aggregate of all special taxes authorized by law should not exceed 30 cents on each $100. No power exists to levy a special tax unless clearly granted. Nashville & C. & St. L. R. Co. v. Franklin Co., cited above; Burnett v. Maloney, 97 Tenn. 704, 37 S. W. 689. No special act has been pointed out authorizing the levy of a special tax for Centennial purposes. The exhibition of the industries of the state and counties of the state was held to be a public purpose, and the act authorizing counties to make an appropriation for county exhibits was held to be constitutional, in Shelby Co. v. Tennessee Centennial Exposition Co., 96 Tenn. 658, 36 S. W. 694. But that act does not in terms, nor by necessary implication, confer power to levy a special tax. The authority is "to make appropriations of money" for the purpose of providing a county exhibit. To "appropriate" means to set apart; to assign to a particular use. The obvious meaning of the act is that county courts should have power, out of the fund arising from taxes assessed for general county purposes, to appropriate, set apart, or assign, for the purposes of a county exhibit, such sum of money as should be deemed prudent and necessary. It neither conferred power to increase the total tax which might be lawfully levied for general county purposes, nor to levy a special tax to meet such appropriation. The special tax for Centennial purposes, not being authorized by any provision of law, was void. The decree will be reversed, and the relief denied.